IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
NOV - 4 2016
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE NORTHWEST INSULATION WORKERS WELFARE TRUST, WESTERN STATES INSULATORS AND ALLIED WORKERS PENSION PLAN, WESTERN STATES INSULATORS AND ALLIED WORKERS INDIVIDUAL ACCOUNT PLAN, WESTERN STATES INSULATORS AND ALLIED WORKERS HEALTH AND WELFARE PLAN, LABOR-MANAGEMENT COOPERATION TRUST, and INSULATION INDUSTRY FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> THERMAL MECHANICAL INSULATION, LLC, a Montana limited liability company, Montana I.D. No. C208363, <br><br> Defendant. | CV 15-09-BLG-SPW <br><br> ORDER |

## I. Introduction

Plaintiffs Board of Trustees of the Northwest Insulation Workers Welfare Trust, Western States Insulators and Allied Workers Pension Plan, Western States Insulators and Allied Workers Individual Account Plan, Western States Insulators

1

and Allied Workers Health and Welfare Plan, Labor Management Cooperation Trust and Insulation Industry Fund ("Plaintiffs") move for summary judgment. (Doc. 29). Defendant Thermal Mechanical Insulation, LLC, ("Thermal") opposes Plaintiffs' motion. Having considered all of the parties' submissions, the Court GRANTS Plaintiffs' motion for summary judgment.

## II. Background

On July 10, 2010, Thermal signed and agreed to the terms and conditions of the Collective Bargaining Agreement ("CBA") with the International Association of Heat and Frost Insulators and Allied Workers, Local Union 82 ("Local 82"). The CBA included a requirement that Thermal comply with the terms of the Master Labor Agreement ("MLA") between Local 82 and the Western Washington Chapter of the Western Insulation Contractors Association ("WICA"). (Doc. 31, ¶ 1) (MLA effective August 1, 2010 through July 31, 2013.) This agreement obligated Thermal to submit contributions to the Plaintiffs for each hour worked by its employees when Thermal employed those workers to do work covered by the agreement. Plaintiffs allege that Thermal has failed to pay the contributions to Plaintiffs as required by the MLA. Many of the underlying facts of this case were detailed in Magistrate Judge Ostby's Findings and Recommendation. (Doc. 50). It is unnecessary for the Court to repeat those facts here.

Plaintiffs brought this action against Thermal under the Employer Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. (Doc. 1). Plaintiffs seek to (1) audit Thermal's books and records for the period of January 2011 through July 2013, and (2) to collect any unpaid fringe benefit contributions, and associated late fees, that Thermal was required to make to the Plaintiffs on behalf of employees performing bargaining unit work. (*Id.* at 3-5).

On July 2, 2015, Thermal stipulated that Plaintiffs had the right to audit its books and records, but reserved its defenses. (Doc. 20 at 1). As a result, the only remaining claim is whether Plaintiffs are entitled to collect any unpaid fringe benefit contributions that Thermal was required to make to the Plaintiffs. In the event the answer is yes, Plaintiffs also seek liquidated damages and interest on any unpaid contributions, attorneys' fees, and costs. (Doc. 1 at 4-5).

Plaintiffs moved for summary judgment on these remaining claims. (Doc. 29). On July 19, 2016, Magistrate Judge Carolyn Ostby issued her Findings and Recommendation recommending that this Court grant Plaintiffs' motion. (Doc. 50). Thermal filed timely Objections to the Findings and Recommendation on August 2, 2016. (Doc. 51).

When a party timely objects to any portion of the magistrate judge's Findings and Recommendation, the district court must conduct a de novo review of the portions of the Findings and Recommendation to which objections are made.

28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). The district court is not required to review the factual and legal conclusions of the magistrate judge to which the parties do not object. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Thermal sets forth the following objections: (1) Judge Ostby erred by interpreting Thermal's defense as one based on a contract defense theory, whereas Thermal's argument is that the CBA did not require Thermal to make contributions for the workers at issue. Thermal alleges that Judge Ostby erred by applying the terms of the CBA to all employees as opposed to employees with particular experience status or classification as a precondition to employer contributions; and (2) Judge Ostby erred in finding that Thermal must contribute for non-CBA work. The Court addresses these objections in order.

### III. Legal Standard

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288–89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## IV. Discussion

### 1. The CBA required Thermal to make contributions on behalf of Guadalupe Bujanda, Rumaldo Herrera and Jessie Thomas.

Thermal argues that the CBA did not require contributions from Thermal for Bujanda, Herrera and Thomas because they did not fall within the classification of workers for which contributions were owed. (Doc. 51 at 2-8). Based on the undisputed evidence, the Court disagrees.

The interpretation of a CBA is a question of law for the court. *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1493 (9th Cir. 1990). According to the CBA, the agreement "covers the rates of pay, rules and

5

working conditions of all employees engaged in the preparation and physical distribution on the job site ... and all other work included in the trade jurisdictional awards to the union and standing agreements with other trades." (Doc. 34-3 at 5, Article II, Work Covered). The CBA also provides that for each hour worked by individuals who perform insulation work, the employer shall contribute to specific funds, including to Plaintiffs. (Doc. 34-3, Article XII, 14-16; Article XV – Article XVII, 18-20). Thermal acknowledges both of these facts, (Doc. 40 at 2-3), but argues that the CBA also carves out particular employees for which an employer is not required to contribute and contends that the three employees at issue fall into that category.

Thermal is correct that the CBA provides for different classifications of employees, and that Local 82 is required to "use its best efforts" to provide the employer with the classification needed by the employer. (Doc. 34-3, Art. VIII, Sec. 3). But regardless of an employee's classification, the employer must make contributions on the employee's behalf if that employee performs insulation work or work otherwise considered bargain unit work. (Doc. 34-1 at 5, Article II, Work Covered).

Thermal does not dispute that Bujanda, Herrera and Thomas performed bargain unit work. Thermal admits that Herrera was employed as a journeyman insulator and Thomas was employed as a journeyman mechanic under the CBA.

6

(Doc. 48-1 at 6, 10). Thermal admits that it employed Bujanda during the months of May and June 2012. (*Id.* at 5). It is undisputed that Bujanda was dispatched by Local 82 to Thermal, and was a journeyman insulator when Local 82 dispatched him to Thermal on May 7, 2012. (Doc. 34 at 3; 36-1 at 4). Thermal's remittance reports also show that Thermal made contributions as required by the CBA on behalf of all three employees. (*See gen.* Doc. 48-1).

These undisputed facts demonstrate that Thermal was required to make contributions to Plaintiffs on behalf of all three employees under the CBA because the employees performed bargain unit work. As Judge Ostby correctly noted when she rejected Thermal's classification argument as a basis for withholding contributions, "the CBA does not require as a precondition to employer contributions to the Trusts that employees hold a particular experience status or classification." (Doc. 50 at 15). Whether the employees were properly classified at the time they did the work is a dispute between Thermal and Local 82. Thermal's argument that it should be able to classify individuals as it sees fit is not a defense to the Plaintiffs' claim for contributions.

### 2. Judge Ostby correctly found that Thermal must contribute for its employees' non-CBA work.

Despite disagreement over the employees' classifications, the parties are substantially in agreement as to the number of hours worked by the employees. The parties disagree on the type of work performed during those hours, however,

7

and thus whether Thermal is required to make contributions for hours spent on non-CBA work. Thermal argues that hours spent on other tasks are not "covered work" under the CBA, and therefore Thermal need not make contributions on those hours. Plaintiffs respond that under the language of the CBA, Thermal was required to make contributions for all hours worked by a covered employee, regardless of whether the hours were bargain unit work or not.

Thermal argues that Judge Ostby erred in concluding that Thermal must contribute to Plaintiffs when employees perform both bargaining work and non-CBA work, because the Ninth Circuit's "split-rule" has only been applied in 40 hour work week cases and is predicated on specific CBAs. (Doc 51 at 14-15). Here, Thermal argues, no 40 hour work weeks are at issue and the CBA specifically states that the agreement covers only employees "engaged in" CBA work. (*Id.* at 16). But as Plaintiffs point out, Thermal has not provided any supporting documentation that its employees were not performing bargaining unit work. Moreover, "[i]t is well settled in the Ninth Circuit that where an employee splits his worktime between a position covered by a CBA and a position not covered, the employer must contribute for all the hours the employee works or is paid." *Operating Eng's Pension Trusts v. B & E Backhoe, Inc.*, 911 F.2d 1347, 1351 (9th Cir. 1990); *see also Operating Eng's Pension Trust v. A-C Co* ., 859 F.2d 1336, 1341 (9th Cir. 1988); *Kemmis v. McGoldrick*, 706 F.2d 993, 997 (9th

8

Cir. 1983); and *Waggoner v. Dallaire*, 649 F.2d 1362, 1369 (9th Cir. 1981)). Although Thermal rejects the split-rule, it is the law in this Circuit.

## V. Conclusion

Thermal has raised no valid reason why it was not obligated to make contributions for the undisputed hours set forth in Plaintiffs' motion. Accordingly, this Court finds that Thermal breached its obligation to pay contributions, liquidated damages, interest, costs, and attorneys' fees to the Plaintiff.

IT IS ORDERED that the proposed Findings and Recommendations for disposition of this matter entered by United States Magistrate Judge Ostby (Doc. 50) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiffs motion (Doc. 29) is GRANTED. Plaintiffs are entitled to judgment against defendant Thermal Mechanical Insulation, LLC, in the amount of $58,489.11, which includes $16,314.01 in contributions, $3,730.51 in liquidated damages, $6,618.09 in interest, and $3,485 in audit accounting fees for the audit period of October 1, 2011 through July 31, 2013, and $28,341.50 in attorneys' fees and litigation fees and costs.

The Clerk of Court shall enter judgment in favor of Plaintiffs and close this case.

DATED this 17th day of November, 2016.

SUSAN P. WATTERS
United States District Judge